ORIGINAL

FILED
MAY - 5 2006
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| WILLIAM L. GREEN | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL NO. 06-368 T |
| | § | |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Plaintiff William L. Green ("Plaintiff" or "Green") is a citizen of the United States of America whose address is 1225 N. Loop W. #1030, Houston, TX, 77008.

2. The Defendant is the United States of America.

3. This is a suit arising under Sections 7422, 6401, 6402, 6212, 6213, 6230, and 6404 of the Internal Revenue Code[1] and the laws of the United States for the refund of income taxes collected from Plaintiff.

4. Jurisdiction is conferred upon the Court by Title 28, Sections 1346(a)(1) and 1491(a) of the United States Code.

---

[1]References to Section, §, and the Internal Revenue Code are to Title 26 of the United States Code.

COUNT ONE
(Calendar Year 1984)

5. Green filed a timely his federal income tax return for calendar year 1984 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-1758.

6. Green was a limited partner in First Blood Associates ("FBA"), a limited partnership, for 1984.

7. A dispute arose between the IRS and FBA as to certain partnership items reported on the partnership's tax returns.

8. On June 24, 1999, Green and the IRS entered into a Closing Agreement with respect to the FBA dispute.

9. On August 4, 2000, the IRS made a "Quick Assessment" of tax of $4,710.00 and an assessment of interest of $20,583.15 to Green's 1984 tax account.

10. Green paid those assessments in full in a payment made on August 28, 2000.

11. On November 6, 2000, the IRS abated interest of $1,282.44 and issued a refund to Green for that amount plus statutory interest.

12. On July 24, 2002, Green filed with the IRS a claim for refund of $4,710.00 of tax and $19,010.71 of interest for 1984.

13. On May 5, 2004, the IRS disallowed that claim.

14. As grounds for recovery, Green restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1984:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for

every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

15. Over six (6) months have elapsed since Green filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.



R:\DOCS\TAXCONT.T\tmwc5046.gr1.wpd

16. Green is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT TWO
(Calendar Year 1985)

17. Green filed a timely his federal income tax return for calendar year 1985 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-1758.

18. Green was a limited partner in FBA for 1985.

19. A dispute arose between the IRS and FBA as to certain partnership items reported on the partnership's tax returns.

20. On June 24, 1999, Green and the IRS entered into a Closing Agreement with respect to the FBA dispute.

21. On August 4, 2000, the IRS made a "Quick Assessment" of tax of $3,601.00 and an assessment of interest of $13,523.37 to Green's 1985 tax account.

22. Green paid those assessments in full in a payment made on August 28, 2000.

23. On July 24, 2002, Green filed with the IRS a claim for refund of $3,601.00 of tax and $13,523.37 of interest for 1985.

24. On May 14, 2004, the IRS disallowed that claim.

25. As grounds for recovery, Green restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1985:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their

Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

26. Over six (6) months have elapsed since Green filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

27. Green is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT THREE
(Calendar Year 1987)

28. Green filed a timely his federal income tax return for calendar year 1987 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-1758.

29. Green was a limited partner in FBA for 1987.

30. A dispute arose between the IRS and FBA as to certain partnership items reported on the partnership's tax returns.

31. On June 24, 1999, Green and the IRS entered into a Closing Agreement with respect to the FBA dispute.

32. On August 4, 2000, the IRS made a "Quick Assessment" of tax of $670.00 and an assessment of interest of $1,361.65 to Green's 1987 tax account.

33. Green paid those assessments in full in a payment made on August 28, 2000.

34. On July 24, 2002, Green filed with the IRS a claim for refund of $670.00 of tax and $1,361.65.37 of interest for 1987.

35. As grounds for recovery, Green restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1987:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii)

"any deficiency in tax determined under this agreement will be subject to adjustments arising from a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request

consistent settlements based upon those entered into by other partners, even providing the names and date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

36. Over six (6) months have elapsed since Green filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

37. Green is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

COUNT FOUR
(Calendar Year 1988)

38. Green filed a timely his federal income tax return for calendar year 1988 and paid the taxes reported due on that return. His taxpayer identification number, as reflected on that tax return, is XXX-XX-1758.

39. Green was a limited partner in FBA for 1988.

40. A dispute arose between the IRS and FBA as to certain partnership items reported on the partnership's tax returns.

41. On June 24, 1999, Green and the IRS entered into a Closing Agreement with respect to the FBA dispute.

42. On August 4, 2000, the IRS made a "Quick Assessment" of tax of $289.00 and an assessment of interest of $499.46 to Green's 1988 tax account.

43. On August 28, 2000, the IRS abated interest of $27.25 for Green's 1988 account.

44. Green paid those assessments in full in a payment made on August 25, 2000.

45. On July 24, 2002, Green filed with the IRS a claim for refund of $289.00 of tax and $472.21 of interest for 1988.

46. As grounds for recovery, Green restates and incorporates by reference the averments set forth in the Explanation to his refund claim for 1988:

A. The settlement entered into by Closing Agreement provided there was no change to partnership items, but agreed that for purposes of determining the taxpayers' correct tax liability for every partnership year from inception to termination (i) the taxpayers' amount at risk regarding their Partnership investment would be determined based on several factors set forth in the agreement, (ii) "any deficiency in tax determined under this agreement will be subject to adjustments arising from

a carryback or carryforward from other taxable years of any loss, credit or other tax attributable as allowed by the Internal Revenue Code," (iii) the taxpayers could limit the amount of any income that would be or had been recognized related to any cancellation of any partnership notes, (iv) the taxpayers could limit recognition of their distributive share of any partnership income or gains for certain years to the amount of the partnership distribution or previously suspended partnership loss and the at-risk rules, (v) the partners could assert any appropriate innocent spouse defense under §6015, and (vi) other factors would be considered. Therefore, it is clear that any resulting tax deficiency to the taxpayers is based upon agreed adjustments to affected items requiring a partner level determination and further subject to totally non-partnership item adjustments and defenses preserved in the settlement agreement. Any tax deficiency is subject to the notice of deficiency requirements under §§6212 and 6213. The Internal Revenue Service did not issue the statutory notice of deficiency with regard to the assessments sought to be refunded in this claim. An assessment of tax liability in violation of the restrictions on assessment set forth in §6213 is void and illegal. Therefore, all the amounts assessed, collected and sought to be refunded in this claim should be refunded. The agreement did not contain nor was there any separate waiver of the restrictions on assessment and collection under §6213.

B. The claim is timely. It is being filed within two years from the date of payment.

C. As an alternative, and in addition to the grounds set forth above, interest should be abated pursuant to §6404 as follows:

(a) First, interest should be abated for the period beginning with the commencement of the IRS' wrongful representation that the partners in this partnership would be entitled to request consistent settlements based upon those entered into by other partners, even providing the names and

date of the settlements with respect to which the consistent settlements could be requested, the representation to the United States Tax Court that all of the cases then pending would be settled either based upon settlement documents that were in process or upon requests for consistent settlement, and then the subsequent refusal to enter into consistent settlements resulting in the delay from February 8, 1995 until the actual date that the above-referenced settlement agreement was entered into, all of which constituted managerial or ministerial acts which were unreasonable errors and delays by officers or employees of the IRS acting in their official capacities. All such acts occurred after the IRS first contacted the partner in writing with regard to the civil partnership level return examination.

(b) Second, if it is determined that there was a waiver of the restrictions under §6213, which the taxpayers assert there was not, then interest should be abated for the period beginning with a date 30 days after the date of such waiver in the Closing Agreement and ending on the date of assessment of the income tax liability. The failure to promptly assess the tax deficiency was clearly a managerial or ministerial act resulting in an unreasonable delay of the tax assessment, and further, such abatement is required under §6404.

47. Over six (6) months have elapsed since Green filed his original claim for refund. No action on the claim for refund has been taken by Congress or any agency of the United States, other than the notice of disallowance described above, or in any judicial proceeding, including any in the Tax Court of the United States.

48. Green is the sole owner of the claim asserted herein against the Defendant and has made no assignment of said claim.

WHEREFORE, Plaintiff William L. Green prays for judgment against the Defendant the United States of America in the amount of $43,628.94, or such amount allowed by law, plus interest, attorneys' fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully,

Thomas E. Redding
Texas State Bar No. 16661300
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)
ATTORNEY FOR PLAINTIFF
WILLIAM L. GREEN

Of Counsel for Plaintiffs:
Teresa J. Womack
Texas State Bar No. 00788707
Sallie W. Gladney
Texas State Bar No. 00787546
Redding & Associates, P.C.
2914 W. T.C. Jester
Houston, Texas 77018
(713) 965-9244
(713) 621-5227 (Fax)